IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHALID AUSTIN MAHAMMEND,

   Plaintiff,

v.

WARDEN GAIL WATTS,

   Defendant.

Civil Action No.: PX-21-3010

## MEMORANDUM OPINION

In response to the above-entitled civil rights case, Defendant Warden Gain Watts filed a Motion to Dismiss. ECF No. 11. Although self-represented Plaintiff Khalid Austin Mahammend was notified that he had the right to file an opposition to the motion and he was granted an extension of time in which to file an opposition, Mahammend has not filed anything further in this case. ECF Nos. 12, 16. No hearing is required to address the pending matters. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant's motion shall be granted.

**I.   Background**

Mahammend alleges in his Complaint that while he was incarcerated at Baltimore County Detention Center ("BCDC") as a pre-trial detainee, his mail was improperly confiscated and given to Lauren Ann Stone in the State's Attorney's Office. ECF No. 1 at 2-3. Mahammend explains that mail he sent to three family members was "illegally put in his discovery" in his criminal case and was illegally used to convict him. *Id*. at 3. He asserts that the interception of his mail amounts to a violation of his Fourth, Eighth, and Fourteenth Amendment rights. *Id*. As relief, Mahammend seeks release from custody, dismissal of the criminal case against him, and monetary damages. *Id*. at 5.

Warden Gail Watts, who is the warden of BCDC and the only defendant named by Mahammend, does not dispute that Mahammend's mail was confiscated and provided to the State's Attorney's Office. ECF No. 11. Watts explains that Mahammend's mail was intercepted pursuant to a grand jury subpoena requiring officials at BCDC to provide "[a]ny and all outgoing and incoming mail" for Mahammend. ECF No. 11-4 at 2. Watts seeks dismissal of the Complaint because Mahammend has not alleged that she personally participated in a constitutional rights violation and, in any event, the interception of his mail was not illegal.

**II.     Standard of Review**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which

are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III. Discussion

#### A. Personal Participation

Mahammend raises no direct allegation against Watts in the complaint. To sustain a constitutional challenge under 42 U.S.C. § 1983, Mahammend must allege personal participation in the claimed violation; respondeat superior liability is not available. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Thus, supervisory officials cannot be held liable for the acts of their subordinates unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Watts is entitled to dismissal of the Complaint against her on this basis alone. However, even if Mahammend had included allegations of personal participation, the Complaint still fails to state a claim.

#### B. Improper Conduct

Crucial to stating a viable constitutional claim is an allegation of wrongful or improper conduct. Mahammend cannot satisfy this fundamental requirement. The subpoena[1] issued by the grand jury required officials at BCDC to intercept Mahammend's mail and provide it to the State's Attorney. *See* ECF No. 11-4. Compliance with a grand jury subpoena is not improper. Neither

---

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Watts, nor any other staff member at BCDC, may be subject to civil liability for complying with a subpoena. "While grand jury investigations are subject to constitutional limits, the grand jury has wide latitude in gathering evidence because this power is essential to the task of criminal investigations." *In re Grand Jury Subpoena*, 836 F.2d 1468, 1471 (4th Cir. 1988), *see also United States v. Dionisio*, 410 U.S. 1, 16-18 (1973) (courts may not intervene in the grand jury process without compelling reason).

### C. Habeas Relief

To the extent that Mahammend challenges the validity of his conviction based on the confiscation of his mail, his claim also fails. Absent violation of a constitutional right or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim). Here, there is no evidence of a constitutional rights violation or a violation of federal law. Moreover, when filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973), *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted). Mahammend has not demonstrated that he has exhausted a challenge to the validity of his conviction.

## IV. Conclusion

The Complaint fails to state a claim upon which relief may be granted; therefore, Defendant's Motion to Dismiss shall be granted by separate Order which follows.

| | |
|---|---|
| 9/12/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |